UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER RIZZO, on behalf of himself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | CIVIL ACTION |
| -against- | CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND |
| NCO FINANCIAL SYSTEMS, INC., and JOHN DOES 1-25, | |
| Defendant. | |

Plaintiff, Christopher Rizzo, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorneys, alleges against the above-named Defendants, NCO Financial Systems, Inc., (hereinafter "Defendant") and JOHN DOES 1-25, their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant is a foreign company with its executive offices located at 507 Prudential Road, Horsham, PA 19044.

8. Upon information and belief, Defendant is primarily in the business of collecting past due debts allegedly due to another, and is therefore a "Debt Collector," as that term is defined by 15 U.S.C. §1692a(6).

9. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection

letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who received collection letters and/or notices from the Defendant that contained at least one of the alleged violations arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*.
- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether the defendant violated various provisions of the FDCPA including but not limited to:  15 U.S.C. §§1692c(c); 1692c(b)(2); 1692g(b); 1692g(a)(1); 1692f(1); and 1692e(10).
    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

- c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
- d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct allowed to proceed without

> remedy they will continue to reap and retain the proceeds of their ill-gotten gains.
>
> - Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. On or about November 28, 2007, Plaintiff entered into a retail installment contract with Capital One Auto Finance to purchase a Dodge pickup truck.

14. On or before February 16, 2010, Plaintiff defaulted on said contract.

15. On or about February 16, 2010, Capital One Auto Finance placed Plaintiff's defaulted account with Defendant for the purpose of collection.

16. On or about February 16, 2010, Defendant caused to be delivered to Plaintiff a collection letter addressed to Plaintiff in an attempt to collect the alleged debt.

17. Said letter stated in part: "CURRENT BALANCE DUE: $27,353.67". A copy of said letter is annexed hereto as Exhibit A.

18. Upon receipt Plaintiff read said letter.

19. On March 15, 2010, Plaintiff, through the undersigned attorneys, notified Defendant in writing (via facsimile, Certified Mail, and Regular Mail), that he disputed the alleged debt and demanded verification. A copy of said letter is annexed hereto as Exhibit B.

20. In said letter of March 15, 2010, the undersigned attorneys, further instructed Defendant to, "immediately, *Cease and Desist* all collection efforts and communications with Mr. Rizzo." Exhibit B.

21. On or about March 19, 2010, Defendant caused to be mailed directly to Plaintiff a letter attempting to collect the alleged debt. A copy of said letter is annexed hereto as Exhibit C.

22. Upon receipt, Plaintiff read said letter.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692c(c)

23. Plaintiff repeats the allegations contained in paragraphs 1 through 22 as if the same were set forth at length.

24. Section 1692c(c) of the FDCPA states:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt…

25. Defendant violated Section 1692c(c) of the FDCPA by mailing a second letter to Plaintiff, in an attempt to collect the alleged debt, after receiving written communication to Cease and Desist all collection efforts and communications from Plaintiff's attorneys. Exhibit B.

26. By reason thereof, Plaintiff has sustained damages when Defendant sent a second letter to Plaintiff in an attempt to collect the alleged debt, after receiving written communication to Cease and Desist all collection efforts and communication.

27. By reason thereof, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated Section 1692c(c) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### <u>VIOLATION OF 15 U.S.C. § 1692c(b)(2)</u>

28. Plaintiff repeats the allegations contained in paragraphs 1 through 27 as if the same were set forth at length.

29. Section 1692c(b)(2) of the FDCPA states:

> if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer…

30. Defendant violated Section 1692c(b)(2) of the FDCPA by mailing a second letter to Plaintiff, in an attempt to collect the alleged debt, after receiving written communication to that Plaintiff has retained the undersigned attorneys.

31. By reason thereof, Plaintiff has sustained damages when Defendant sent a second letter to Plaintiff in an attempt to collect the alleged debt, after receiving written communication that Plaintiff has retained the undersigned attorneys.

32. By reason thereof, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated Section 1692c(b)(2) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### <u>VIOLATION OF 15 U.S.C. § 1692g(b)</u>

33. Plaintiff repeats the allegations contained in paragraphs 1 through 32 as if the same were set forth at length.

34. Section 1692g(b) of the FDCPA states:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

35. Defendant violated Section 1692g(b) of the FDCPA by sending a letter on about March 19,2010, in an attempt to collect the alleged debt after receiving notice that Plaintiff disputed said debt and notice of his demand for verification of said debt, prior to providing of said debt to Plaintiff or his attorneys.  Exhibit C.

36. By reason thereof, Plaintiff has sustained damages when Defendant sent a letter in an attempt to collect the alleged debt to Plaintiff in an attempt to collect the alleged debt, after receiving Plaintiff's written dispute and demand for verification and prior to providing verification to Plaintiff or his attorneys.

37. By reason thereof, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated Section 1692b(b) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692g(a)(1)

38. Plaintiff repeats the allegations contained in paragraphs 1 through 37 as if the same were set forth at length.

39. Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

40. Section 1692g(a)(1) of the FDCPA requires the debt collector to:

> "Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing --- the amount of the debt."

41. Defendant violated Section 1692g(a)(1) of the FDCPA by stating in its initial letter to Plaintiff, dated February 16, 2010, "CURRENT BALANCE DUE: $27,353.67" when in fact the amount of the debt was only $27,005.34. Exhibits A&B.

42. Plaintiff suffered damages when Defendant failed to state the amount of the debt in it initial communication with Plaintiff.

43. By reason thereof, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT V

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692f(1)

44. Plaintiff repeats the allegations contained in paragraphs 1 through 43 as if the same were set forth at length.

45. Section 1692f(1)of the FDCPA sates in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

46. Defendants violated §1692f(1) of the FDCPA by making a demand in its letter dated February 16, 2010 in the amount $27,353.67, when the amount of the alleged debt was only $27,005.34 as set forth in Defendant's letter March 19, 2010, where the additional charge of $348.03 is not expressly authorized by the agreement creating the alleged debt and/or is not permitted by law.

47. By reason thereof, Plaintiff has sustained damages when Defendants demanded payment of an amount greater than the alleged debt, which is not expressly authorized by the agreement creating the alleged debt and/or is not permitted by law.

48. By reason thereof, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated Section 1692f(1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT VI

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(10)

49. Plaintiff repeats the allegations contained in paragraphs 1 through 48 as if the same were here set forth at length.

50. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

51. Defendant violated Section 1692e(10) by falsely stated the amount of the alleged debt.

52. Plaintiff suffered damages when Defendant falsely stated the amount of the alleged debt in the initial communication.

53. By reason thereof, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated Section 1692e(10) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendant, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendant to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff costs of this Action, including reasonable attorney's fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
February 9, 2011

*s/ Joseph K. Jones*
Joseph K. Jones (JJ5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 9, 2011

*s/ Joseph K. Jones*
Joseph K. Jones